## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILDEARTH GUARDIANS | ) | |
| 516 Alto Street | ) | |
| Santa Fe, New Mexico 87501 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-00232 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, | ) | |
| OFFICE OF THE SECRETARY | ) | |
| 1849 C Street N.W. | ) | |
| Washington, D.C. 20240; | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      Defendant is the United States Department of the Interior ("DOI"), the Office of the Secretary ("Office of the Secretary"). The Office of the Secretary has wrongfully withheld records responsive to requests made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

2.      Guardians' filed four separate FOIA requests seeking records documenting communications involving officials within the Office of the Secretary, including the Secretary of the U.S. Department of the Interior. The Department of the Interior oversees extensive public land and resources in the United States, especially the American West, including National Parks, offshore oil reserves, Tribal lands and minerals, fish and wildlife, National Refuges, and more. The records sought include email messages, text messages, and voicemails. Guardians intends to disseminate the records to the public to foster a more comprehensive understanding of how these

officials communicate, what they communicate about – especially with respect to the resources they are responsible for managing on behalf of the public, and to whom they communicate.

3.    Contrary to FOIA, the Office of the Secretary failed to make determinations on Guardians' FOIA requests within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the Office of the Secretary has violated FOIA, directing the Office of the Secretary to make determinations on Guardians' FOIA requests, and compelling the Office of the Secretary to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5.    This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6.    This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.    Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because the Office of the Secretary is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

**PARTIES**

8.    Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 202,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9.    Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10.    Guardians, its staff, or one or more of its members have and will suffer direct injury by the Defendants' failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury.  Defendants' refusals to provide timely FOIA access to agency records prevent Guardians' participation in Defendants' time-limited

administrative processes.  Guardians brings this action on behalf of itself, its staff, and its members.

11.  Defendant United States Department of the Interior, Office of the Secretary ("Office of the Secretary"), is an agency as defined by 5 U.S.C. § 552(f)(1).  FOIA charges the Office of the Secretary with the duty to provide public access to records in its possession. The Office of the Secretary has possession of records requested by Guardians. The Office of the Secretary is denying Guardians access to these records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12.  FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13.  In July and August 2017, Guardians submitted four separate FOIA requests to the Office of the Secretary's FOIA office requesting communications records for four officials in the Office of the Secretary. Each is addressed in turn.

**(A) Secretary of the Department of the Interior, Ryan Zinke, OS-2017-00804**

14.  On July 7, 2017, Guardians submitted a FOIA request for Ryan Zinke's communication records from March 1, 2017, to July 7, 2017 (the "Zinke request").  Ryan Zinke is the Secretary of the Department of the Interior.

15.  On July 7, 2017, the Office of the Secretary confirmed receipt of the Zinke request and assigned the request the FOIA tracking number OS-2017-00804.

16.   On December 13, 2017, Guardians sent an email to the Office of the Secretary FOIA Office requesting an update on the status of FOIA Request OS-2017-00804 and an estimated date of completion.

17.   On December 14, 2017, the Office of the Secretary's FOIA Office stated that the FOIA Office had not yet received any records responsive to FOIA Request OS-2017-00804.

18.   The Office of the Secretary's FOIA Office made no response to Guardians' request for an estimated date for FOIA compliance.

19.   To date, the Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' Zinke request or disclosed records responsive to its request.

20.   Guardians has fully exhausted its administrative remedies for its Zinke request to the Office of the Secretary. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**(B) Counselor to the Secretary of the Interior on Energy Policy, Vincent DeVito, OS-2017-00806**

21.   On July 7, 2017, Guardians submitted a FOIA request for Vincent DeVito's communication records from March 1, 2017, to July 7, 2017 (the "DeVito request").  On the date of the request, Vincent DeVito was the Counselor to the Secretary of the Interior on Energy Policy.

22.   On July 7, 2017, the Office of the Secretary confirmed receipt of the DeVito request and assigned the request the FOIA tracking number OS-2017-00806.

23.   On December 13, 2017, Guardians sent an email to the Office of the Secretary FOIA Office requesting an update on the status of FOIA Request OS-2017-00806 and an estimated date of completion.

24.    On December 14, 2017, the Office of the Secretary's FOIA Office stated that the FOIA

Office had received some records responsive to the FOIA Request OS-2017-00806, but was still

waiting for additional records.

25.    The Office of the Secretary's FOIA Office made no response to Guardians' request for

an estimated date for FOIA compliance.

26.    To date, the Office of the Secretary has not communicated to Guardians the scope of the

documents it intends to produce and withhold in response to Guardians' DeVito request or

disclosed records responsive to its request.

27.    Guardians has fully exhausted its administrative remedies for its DeVito request to the

Office of the Secretary. Administrative remedies are deemed exhausted whenever an agency fails

to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**(C) Deputy Assistant Secretary for Land and Minerals Management, Katharine
MacGregor, OS-2017-00807**

28.    On July 7, 2017, Guardians submitted a FOIA request for Katharine MacGregor's

communication records from April 6, 2017, to July 7, 2017 (the "MacGregor request"). On the

date of the request, Katharine MacGregor was the Deputy Assistant Secretary for Land and

Minerals Management.

29.    On July 7, 2017, the Office of the Secretary confirmed receipt of the MacGregor request

and assigned the request the FOIA tracking number OS-2017-00807.

30.    On December 13, 2017, Guardians sent an email to the Office of the Secretary FOIA

Office requesting an update on the status of FOIA Request OS-2017-00807 and an estimated date

for completion.

31.    On December 14, 2017, the Office of the Secretary's FOIA Office stated that the FOIA Office has received some records responsive to FOIA Request OS-2017-00807, but was still waiting for additional records.

32.    The Office of the Secretary's FOIA Office made no response to Guardians' request for an estimated date for FOIA compliance.

33.    To date, the Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' MacGregor request or disclosed records responsive to its request.

34.    Guardians has fully exhausted its administrative remedies for its MacGregor request to the Office of the Secretary. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**(D) Deputy Secretary of the Department of the Interior, David Bernhardt, OS-2017-01127**

35.    On August 31, 2017, Guardians submitted a FOIA request for David Bernhardt's communication records (the "Bernhardt Request"). On the date of the request, David Bernhardt was the Deputy Secretary of the Department of the Interior.

36.    On September 27, 2017, the Office of the Secretary confirmed receipt of the Bernhardt request and assigned the request the FOIA tracking number OS-2017-01127.

37.    On December 13, 2017, Guardians sent an email to the Office of the Secretary FOIA Office requesting an update on the status of FOIA Request OS-2017-01127 and an estimated date for completion.

38.    On December 14, 2017, the Office of the Secretary's FOIA Office stated that the FOIA Office was delaying processing until it had received all responsive records.

39.    The Office of the Secretary's FOIA Officer made no response to Guardians' request for an estimated date for FOIA compliance and stated that the Agency has no timeline for completion.

40.    To date, the Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' Bernhardt request or disclosed records responsive to its request.

41.    Guardians has fully exhausted its administrative remedies for its Bernhardt request to the Office of the Secretary. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CLAIM FOR RELIEF

### Violation of the FOIA: Failure to Make a Determination on Guardians' FOIA Request OS-2017-00804 Within the Statutory Time Frame

42.    Guardians incorporates all the allegations in this complaint by this reference.

43.    The Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to FOIA Request OS-2017-00804 or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the request.

44.    This failure to make a determination on Guardians' FOIA Request OS-2017-00804 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA. 5 U.S.C. §552.

45.    Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

**Violation of the FOIA: Failure to Make a Determination on Guardians' FOIA Request OS-2017-00806 Within the Statutory Time Frame**

46.   Guardians incorporates all the allegations in this complaint by this reference.

47.   The Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to FOIA Request OS-2017-00806 or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

48.   This failure to make a determination on Guardians' FOIA Request OS-2017-00806 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested. 5 U.S.C. §552.

49.   Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

**Violation of the FOIA: Failure to Make a Determination on Guardians' FOIA Request OS-2017-00807 Within the Statutory Time Frame**

50.   Guardians incorporates all the allegations in this complaint by this reference.

51.   The Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to FOIA Request OS-2017-00807 or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

52.   This failure to make a determination on Guardians' FOIA Request OS-2017-00807 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested. 5 U.S.C. §552.

53.    Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## FOURTH CLAIM FOR RELIEF

### Violation of the FOIA: Failure to Make a Determination on Guardians' FOIA Request OS-2017-01127 Within the Statutory Time Frame

54.    Guardians incorporates all the allegations in this complaint by this reference.

55.    The Office of the Secretary has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to FOIA Request OS-2017-01127 or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the FOIA request.

56.    This failure to make a determination on Guardians' FOIA Request OS-2017-01127 within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested. 5 U.S.C. §552.

57.    Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, with respect to each of Guardians' four separate requests for records, Guardians respectfully requests that this Court:

A.  Declare that the Office of the Secretary has violated its duty to comply with FOIA's statutory deadlines;

B.  Declare that the Office of the Secretary has violated FOIA by wrongfully withholding the records Guardians requested;

C.  Order the Office of the Secretary to make a determination on each of Guardians' FOIA requests by a date certain and to promptly provide Guardians with all wrongfully withheld records;

D.  Maintain jurisdiction over this action until the Office of the Secretary complies with FOIA and every order of this Court;

E.  Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.  Grant such other and additional relief as this Court deems just and proper

Respectfully submitted on this 31st day of January, 2018,

/s/ Neil S. Kagan
Neil S. Kagan (Bar No. MI0078)
WildEarth Guardians
P.O. Box 51174
Eugene, Oregon 97405
(503) 828-7098
nkagan@wildearthguardians.org

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org

*Attorneys for Plaintiff*